UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM WRIGHT, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos: 3:05-cr-039 |
| | ) | 3:08-cv-438 |
| | ) | *Judge Phillips* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner William Wright, Jr. ("petitioner"). The government has filed its response to the motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Petitioner entered a conditional guilty plea to the following three counts: being a felon in possession of a firearm (count one), being a felon in possession of ammunition (count two), and being a felon in possession of a firearm and ammunition (count three), in violation of 18 U.S.C. § 922(g)(1). He reserved the right to appeal the denial of his motion to suppress evidence and statements. [Criminal Action No. 3:05-cr-39, Court File No. 29, Plea Agreement, p. 1, ¶ 2.]. Petitioner was sentenced as an armed career criminal to concurrent terms of imprisonment of 180 months. [*Id.*, Court File No. 33, Judgment]. The Sixth Circuit affirmed the denial of the motion to suppress. *United States v. Wright*, No. 06-5164, 220 F. App'x 417 (6th Cir. April 3, 2007) [*Id.*, Court File No. 38, Unpublished Order], *cert. denied*, 552 U.S. 879 (2007).

The Sixth Circuit summarized the evidence presented at the suppression hearing as follows, concluding that the motion to suppress was properly denied:

> Early one morning, Knoxville Police Department Patrolman Ray Offenbacher was patrolling in a marked police car in an area known for drug activity, prostitution, and violent crime. He observed a woman exit an apartment building and get into the passenger side of a car in the parking lot. He then saw the car, driven by Wright, cross the parking lot with its headlights off toward an alleyway at the rear of the building. Offenbacher drove around a corner to position himself to observe the car.
>
> Offenbacher saw the passenger get out to open the trunk to allow another man to place a long, tubular bundle, which looked like a rifle, in the trunk. At this point, Offenbacher turned into the alleyway behind the car, the woman closed the trunk and got back in the car, and the courier began to walk away from the car. The car proceeded up the alley a short distance with its headlights off, and then the lights were turned on.
>
> Offenbacher followed the car up the alley and, at one point, passed the courier on his right. After looking at Offenbacher, the courier started to jog away from the police car. Choosing to focus on the car, Offenbacher followed it a short distance before activating his emergency lights, stopping the car, and requesting backup. Offenbacher approached the driver's side and requested Wright's license and vehicle registration. Wright produced a Tennessee driver's license and Florida vehicle registration. Around this time, Officer Taylor arrived on the scene as backup.
>
> Offenbacher then asked Wright what the courier had placed in the trunk; Wright acknowledged that it was a rifle. He then asked if Wright had any other weapons, and Wright said he did not. After asking Wright to get out of the car, Offenbacher patted him down and felt several hard, short, circular objects, which he recognized as ammunition (but not ammunition for a rifle) in Wright's front pocket and removed. Asked about the ammunition, Wright said it was for a gun located at his residence.
>
> Wright identified the courier only as "G" and denied knowing the origin or ownership of the rifle. With Wright's permission to check the rifle's serial numbers, Offenbacher opened the trunk and found a loaded, ready-to-fire SKS assault rifle with a bayonet attached.

> Taylor searched the passenger compartment and discovered a loaded .380 caliber handgun, for which Wright admittedly lacked a permit, in the center console. The ammunition found in Wright's pocket matched that handgun.

*Id.*, 220 F. App'x at 418-19.

In support of his § 2255 motion, petitioner alleges he received the ineffective assistance of counsel.[1]

III.  Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an

---

[1] Petitioner also challenges the legality of the search. The Court noted that the challenge to the search was rejected by the Sixth Circuit on direct appeal and that a petitioner cannot use a § 2255 proceedings to relitigate issues decided adversely to him on direct appeal. For that reason, the Court *sua sponte* dismissed petitioner's claims regarding the legality of the search.

4

attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner first alleges that his attorney failed to raise on direct appeal the allegation that his sentence was improperly enhanced based upon an invalid Florida conviction. A federal defendant cannot, however, collaterally attack the validity of previous state convictions that are used to enhance his sentence under the Armed Career Criminal Act. *See, e.g., Custis v. United States*, 511 U.S. 485 (1994). Accordingly, counsel was not ineffective in failing to raise that issue on direct appeal. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

Petitioner next alleges that his attorney failed to raise on direct appeal improper comments by an officer on petitioner's exercise of his Fourth Amendment rights. Petitioner

5

fails to state any facts in support of this allegation and such a conclusory allegation fails to state a claim for relief under § 2255.

Finally, petitioner alleges that his attorney failed to raise on direct appeal the Court's erroneous jury instruction regarding the government's burden of proof and reasonable doubt. This allegation overlooks the fact that petitioner pleaded guilty, there was no jury trial, and thus there could not have been an erroneous jury instruction.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
United States District Judge